Hall, J.
This is an appeal from the County Court. The jury in the Superior Court have found a verdict for a sum under twenty pounds ; a motion is made by the defendant’s counsel to set aside that verdict, after it is recorded, because the County Court in the first instance had not jurisdiction, the sum due being under twenty pounds. The verdict being recorded, I think it ought to stand. This motion in substance, might have been made at an earlier stage of the proceedings ; had that been done, in all probability, it would have been granted.
*242 Taylor, J.
—The question in this case is whether the verdict shall be set aside and a nonsuit awarded, upon the ground that the recovery is for a sum under twenty pounds, the suit having been commenced in the County Court. The Act which regulates the jurisdiction of the Superior Courts, by the value of the suit, gives power to direct a nonsuit, I. where a greater sum is demanded than is due, on purpose to evade the act ; II. where a suit is commenced contrary to the true meaning of the Act. But if the recovery is less than the sum which marks the jurisdiction, still, if an affidavit be made that the sum sued for is due, and that the want of proof of the lapse of time has prevented a recovery, then judgment shall be rendered for the amount legally proved. No difficulty has arisen in the practice under this Act ; the regulations of which afforded a clear and satisfactory guide, so far as they extend.
As to the jurisdiction of the County Courts, the subject is left at large, except in regard to the sum for which the suit is brought ; the Act is silent as to the manner in which the question shall be examined, and as to the judgment which shall be given ; nor doth it either allow, or prohibit, the recovery of a less sum than twenty pounds. The intention of the legislature seems to be clear enough as to the object ; that a single Justice should have jurisdiction of all debts of the kind specified in the Act of twenty pounds and under, and that the County Court should not have original jurisdiction of the same *243 debts : as to these, therefore, the jurisdiction of the magistrate must be exclusive and that of the County Court merely appellate ; and hence we may draw the certain conclusion, that the sum laid in the writ, being above twenty pounds, is not, of itself, sufficient to give jurisdiction to the County Court, if the debt be under that sum. For the writ, except in a few instances, where it must of necessity correspond with the demand, furnishes no evidence of the sum really due. Under a different construction, the Act of 1786 might be evaded in numerous cases, at the pleasure of the plaintiff ; and the jurisdiction of a single magistrate totally absorbed in that of the County Court.
The question then occurs, shall the sum recovered, ascertain the jurisdiction of the County Court ? I conceive that this would be a rule equally fallacious with that drawn from the sum laid. The plaintiff may recover less than twenty pounds ; when his debt is really more. A witness summoned to prove an item in his account, may be absent ; the defendant may lessen the debt by a set-off, or bar part of it by pleading the statute of limitations : in none of which cases, do I think it would be right to withhold the judgment of the County Court for the sum recovered, though less than twenty pounds. The sum, for which a suit is in substance instituted, is that which the defendant owes at the issuing of the writ. If the parties have opposite demands against each other, which are connected, from having taken their rise in the same transac *244 tion, or otherwise, then the balance is the debt, and that being less than twenty pounds, when the suit commences, cannot be recovered by action. But if the opposite accounts begin in distinct transactions, and are unconnected, each demand is a legal debt and recoverable by action. 1 Bl. Rep. 651. 4 Burr. 2133, 5 Term Rep. 135, 3 Term Rep. 599. Now it is entirely at the option of the defendant whether he will set off his demand or not; the plaintiff cannot compel him to do it ; and before the suit, it cannot be known, whether it will be done, or even what the amount of the opposite demand is. It would be hard therefore, if, by letting it off, the plaintiff were prevented from recovering his debt in the County Court ; and equally so, if he, under the belief that it would be set off, and thereby reduce his claim to a less sum than twenty pounds, should begin the business by way of warrant before a magistrate, and the defendant should then withhold the set-off; 2 Wils. Rep. 68, 3 Wils. Rep. 48. The same observation will apply to the statute of limitations, which may or may not be pleaded, at the defendant’s option, and which, though pleaded with effect, leaves the plaintiff’s debt unextinguished ; since it may be revived by a subsequent promise. In cases of this kind therefore, the proper enquiry seems to be, not whether the sum contained in the suit is more than twenty pounds, or that found by the jury, less ; but what was the amount of the plaintiff’s debt when the suit was brought. It is desirable that some regular and uniform practice should be established *245 as to the mode of taking advantage of the smallness of the sum. My own opinion is, that the most regular way would be to plead, that the sum due was less than twenty pounds when the action was commenced ; though upon the general principle relative to the jurisdiction of inferior courts. I am far from thinking that this is the only method. It would save time and expence, if the matter were brought before the Court, by way of motion to stay proceedings, before the trial ; when the amount could be enquired into upon affidavit, as is practised in analogous cases ; 5 Term Rep. 64, 4 Term Rep. 495. Or the objection might be taken at the trial, so as to give the plaintiff an opportunity of submitting to a nonsuit, should the opinion of the Court be against him, But I think the practice would be inconvenient and unjust, to permit the defendant to avail himself or this objection, when he makes it for the first time after the jury have found their verdict. Taking this to be the case, from the record sent up, I am in favour of the plaintiff’s having his judgment ; since his adversary has submitted his cause to the jurisdiction of the Court, in every stage, except the last, of its progress.
Rule Discharged.